UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN HALEY )<br>)<br>)<br>**Plaintiff,** )<br>)<br>KEOLIS COMMUTER SERVICES, LLC )<br>)<br>**Defendant.** ) | Case No. _____ |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Stephen Haley, by and through counsel, Carolyn M. Latti, Esquire, Latti & Anderson, LLP, P. Matthew Darby, Esquire, Darby Law Group, LLC, sues Defendant Keolis Commuter Services, LLC, and as causes of action states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Stephen Haley is a citizen of New Hampshire.

2. Defendant Keolis Commuter Services, LLC ("Keolis"), is a railroad corporation organized under the laws of Delaware, with its principal place of business in Boston Massachusetts, and doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States.

3. This is an action for negligence under the Federal Employers' Liability Act, 45 U.S.C. § 51 et. seq., stemming from Defendant's employment of Plaintiff and its negligence failure to provide Plaintiff with a reasonably safe place to work. In addition, this action also arises under the Locomotive Inspection Act, 49 U.S.C. § 20701, and the Safety Appliance Act, 49 U.S.C. § 20302. Plaintiff seeks economic and noneconomic damages, and other appropriate relief.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), inasmuch as a

1

substantial part of the events or omissions giving rise to this claim occurred in Massachusetts and 28 U.S.C. §1391(b)(2), inasmuch as Keolis' principal place of business in in Boston, Massachusetts, and is doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States.

5. At all times herein mentioned, the Plaintiff and the Defendant were engaged in interstate commerce; all trackage, cars, equipment, and premises involved were under the control of the Defendant.

6. On or about March 2, 2021, the Plaintiff, while in the employ of the Defendant as a Conductor, sustained severe injuries.

7. On that date, the Plaintiff was operating a ratchet style handbrake on Locomotive/Control Car 1638. As the Plaintiff was in the process of tying the train down, necessitating the use of the handbrake, he was ratcheting on the brake, when it suddenly and without warning hung up and stopped, because of the sudden and abrupt action, the Plaintiff immediately felt his right shoulder "pop."

## COUNT I - NEGLIGENCE

8. Defendant Keolis owed to the Plaintiff a non-delegable duty to provide a reasonably safe place in which to perform his work.

9. Defendant Keolis breached its duty to provide the Plaintiff with a reasonably safe place to work in that:

a. It failed to use reasonable care to furnish Plaintiff with a reasonably safe place to work;

b. It failed to properly maintain the condition of the equipment with which the Plaintiff was required to work, more specifically, the handbrake;

c. It failed to warn the Plaintiff of the danger presented by the defective nature of the handbrake;

d. It failed to post a notice that this particular handbrake was faulty and would abruptly, and without warning, stop working.

e. It failed to have a comprehensive and reasonably effective inspection and repair program in place to discover and remediate defective and improperly functioning railroad equipment, especially handbrakes;

f. It was otherwise careless, reckless, and negligent.

10. As a direct and proximate result of the negligence of Defendant Keolis, the Plaintiff was seriously, painfully, and permanently injured about the body and limbs, resulting in injuries to his right shoulder and surrounding body structures, which caused and will continue to cause pain, suffering, and mental anguish, medical and other related expenses, an inability to perform his usual activities, and loss of income and wage-earning capacity, all past, present, and future.

WHEREFORE, The Plaintiff, Stephen Haley, demands judgment against the Defendant, Keolis, in an amount to be determined by the Jury, together with interest and costs.

**COUNT II – NEGLIGENCE PER SE, LOCOMOTIVE INSPECTION ACT AND FEDERAL RAILROAD SAFETY AUTHORIZATION ACT**

11. Plaintiff adopts and incorporates by reference all the facts and allegations contained above.

12. The Locomotive/Control Car that caused the Plaintiff's injuries was not safe to operate in the service to which it was put without unnecessary peril the life and limb, in that the

Locomotive/Control Car the handbrake did not function as properly and as expected, causing injury to Plaintiff, in violation of the Locomotive Inspection Act, 49 U.S.C. § 20701.

13. The Plaintiff's injuries are a result of the fact that the handbrake did not function properly and as expected.

14. The condition resulted from parts and appurtenances of the Locomotive/Control Car that were not in proper condition and not safe to operate without unnecessary danger of personal injury as required by 49 U.S.C. Section 20701, a law enacted for the safety of railroad workers. The Defendant is strictly liable to the Plaintiff because of these violations of 49 U.S.C. Section 20701.

15. The Plaintiff is currently unadvised of other federal safety laws and/or regulations that the Defendant and/or its agents may have violated but he reserves the right to rely on other safety law/regulation violations shown during discovery, including but not limited to, locomotive safety standards.

16. As a direct and proximate result of the violation by Defendant Keolis of the aforementioned safety laws and regulations, the Plaintiff was seriously, painfully, and permanently injured about the body and limbs, resulting in injuries to his right shoulder and surrounding body structures, which caused and will continue to cause pain, suffering, and mental anguish, medical and other related expenses, an inability to perform his usual activities, and loss of income and wage-earning capacity, all past, present, and future.

WHEREFORE, The Plaintiff, Stephen Haley, demands judgment against the Defendant, Keolis, in an amount to be determined by the Jury, together with interest and costs.

### COUNT III - NEGLIGENCE PER SE, FEDERAL SAFETY APPLIANCE ACT

17. Plaintiff adopts and incorporates by reference all the facts and allegations

contained above.

18.     The handbrake that was involved in the Plaintiff's injury is a part of the railroad car's braking system and, as such, it is a safety appliance under the Federal Safety Appliance Act. 49 U.S.C. § 20301 et. seq.

19.     Plaintiff's injuries are a result of the fact that the handbrake in question was defective, unsafe and improper for Plaintiff to utilize for the task in question.

20.     The condition of the handbrake in question was in violation of the Federal Safety Appliance Act. 49 U.S.C. § 20301 et. seq., a law enacted for the safety of railroad workers. The Defendant is strictly liable to Plaintiff because of this violation.

21.     Plaintiff is currently unadvised of other federal safety laws and/or regulations that the Defendant and/or its agents may have violated but he reserves the right to rely on other safety law/regulation violations shown during discovery.

22.     As a direct and proximate result of the violation by Defendant Keolis of the aforementioned safety laws and regulations, the Plaintiff was seriously, painfully, and permanently injured about the body and limbs, resulting in injuries to his right shoulder and surrounding body structures, which caused and will continue to cause pain, suffering, and mental anguish, medical and other related expenses, an inability to perform his usual activities, and loss of income and wage-earning capacity, all past, present, and future.

WHEREFORE, The Plaintiff, Stephen Haley, demands judgment against the Defendant, Keolis, in an amount to be determined by the Jury, together with interest and costs.

        **Respectfully submitted,**
        **STEPHEN HALEY**
        **By his Attorney**,

        /s/ Carolyn M. Latti
        Carolyn M. Latti, Esquire
        BBO# 567394
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, Massachusetts 02109
        (617) 523-1000
        clatti@lattianderson.com

        **TO BE ADMITTED PRO HAC VICE**
        P. Matthew Darby, Esquire
        Darby Law Group, LLC
        201 International Circle, Suite 200
        Hunt Valley, Maryland 21230
        (833) 601-7245
        matt@darby-lawgroup.com

## **REQUEST FOR JURY TRIAL**

    Plaintiff Stephen Haley, by and through the undersigned counsel, requests a jury trial on issues presented herein.

        /s/ Carolyn M. Latti
        Carolyn M. Latti, Esquire

August 31, 2023